and L. Mr. Honig for the appellate, Mr. Hine for Affiliate Workers Credit Co., LLC. I don't know if I need to repeat that I'm Jonathan Honig for the appellate, since the clerk recited that. Let me begin by addressing one of the Court's questions, if I might, and that is, this is a very, very bizarre, peculiar case. We have not a— No one's ever introduced a case like that. I'm sorry? No one has ever introduced their own case in this way. It is so, because what we have on the other side of the aisle here, so to speak, is an appellee who was not a party, who was not a non-party, but was, as they've described themselves, as an interested person in the non-party and the discovery dispute. So this is as collateral a matter as one could ever have in terms of a collateral attack on a extant final judgment in a federal court. And so in answer to Your Honor's question, I think the law with respect to collateral attack is stated in footnote seven to the practical concepts case, but is in a state of unclarity as far as I understand it, and I don't think it needs to be determined by this Honorable Court because the base issue is so simple and clear in our view. Just back up procedurally. I was trying to understand a little bit about the party's relationship here. So you filed in this district to obtain discovery about these assets that you thought were being hidden by ACASVC or its member Medici? Which was it? It's whoever we could collect from in the first instance to understand ACASVC's assets, but depending on whether there were fraudulent transfers, et cetera, wherever that might take us. But in the first instance, clearly it was to determine the assets of ACASVC. What is Fortress's relationship to all of this? So Fortress, we subpoenaed one of the officers, Mr. Cunningham who's in the court now, of the Pertinent Officer at Pertinent Times, and in doing that we requested documents from him. And when we, he produced certain documents but refused to produce the document which was an agreement between Fortress and one of the ACASVC entities on the ground that Fortress had an interest in it. And that was when they alerted Fortress to this discovery issue. We made the motion to compel the production of that document before the debate, and then this entire proceeding spun out from there, if you will. So 60B is supposed to give relief to a party, but if the other side, no one on the other side was actually a party to this judgment, then what basis was there for a 60B motion at all?  There was no motion for intervention here. It is, when I said bizarre, I said it in a, for a particular reason, not only in how remote they are, but also in how they came to participate in this case, it is rather odd that they simply filed papers with this notice of question about jurisdiction and without a motion for intervention, and then proceeded to be heard by the judge at all stages leading to where we are today. So that is one of the questions, and one of the aspects of the issue that the court raised about collateral attack is that they are in fact both not a party, and they are seeking to have greater rights than a party would have, and that's what this judgment below embodies than a party. And Mr. Cunningham, whom you wanted to depose, was a former officer of AACASVC? We did depose him, Your Honor. Right, but he was a former officer of AACASVC, or a former officer of one of the members of AACASVC? No, of AACASVC. Of AACASVC. And is now, is he now with Fortress, or? No, he, no, he is, as far as I understand it, Your Honor, is a law lawyer practicing in the district. Okay. All right, so he's not affiliated with any party to this judgment either? No, I think at this point, no. Again, at the point, at a point in time back, he was affiliated with AACASVC, which is the reason we expected and understood that he would have relevant knowledge for purposes of the subpoena, which is why the subpoena issued. But, again, just to carry that out, it is very strange that in this posture that they're seeking to have greater rights than a party would have under 60 v. 4. Can I ask you a question about, about mootness, which is one of the issues we flagged? So, the Central District of California vacated the underlying default judgment that sought, that's seeking, that you're seeking to enforce. Again, I'm, this is a part I don't understand. Let me address that whole issue, the second issue. I don't understand how there could be any issue of mootness or res judicata because, one, there's not a full and fair opportunity to litigate. There was no opportunity. It was a summary in Chamber's order. It was wholly derivative of the, so. So, but all those things may get to a subsequent question, but just as an antecedent matter, if the judgment that sought to be enforced is just no longer in effect, then there's nothing to enforce, right? No, I think that the short answer is that judgment will presumably, if you reverse the court, the Ninth Circle will presumably reverse that judgment since that judgment was completely derivative of the. Sure, that deals with subsequent events that could come in, come to pass. I'm just saying, as things stand. Again, when you say stand. Suppose, for example, that the judgment had been vacated and an appeal hadn't been taken. Again, that's, Your Honor, exactly why we took the appeal to enforce. No, no, just suppose. Just suppose that an appeal hadn't been taken. Then I take it then that our proceeding, you'd agree, would be moot? I know that you have your argument. I don't think so at all, Your Honor, because I think the point is, again, that proceeding, whatever it was, was completely derivative. And as I understand it, once there's a judgment in the court below, we have an absolute right under the Federal rules to take an appeal to this court. And you can't have a circular judgment. You don't have an absolute right to take an appeal if a case has become moot. Again, but it can't become moot because that's circular logic. Then you're never getting an opportunity to have an appellate right with respect to the underlying decision, if that would be the case, and that would be an absurdity. You always have a right. I don't understand what you're saying, because if the other court vacates the judgment, then there's nothing to enforce. There may be some problem with the vacator, but doesn't it? And then you might be able to say that because it's on appeal, this proceeding hasn't become moot. I'm just trying to establish the predicate point, that if there's no judgment left to be enforced, then there's nothing to be done here. Again, I think that you can't have a subsequent act undoing your right to appeal, because that would mean that you were never having a right to appeal in that scenario, which would be contrary to the way things are done. So I don't understand the predicate of it. Well, I think what Judge Srinivasan is saying is that it's not that the district court's order here, that vacature didn't moot your case. It was if you were just appealing the district court's vacature here, you would get to review judgments. There would be no problem that you're concerned about. The concern for mootness is that a third party, not our district court and not us, but a third party, a third entity has taken a step to get rid of the judgment. Imagine this hypothetical. If the district court in California had said, wow, I read that opinion, really persuasive. I agree. I should have never done this and vacated it. All on its own. Again, Your Honor, the clear law is that when you have a decision in the district court, you appeal it to the circuit of district court. So the appeal clearly in this instance is from the decision of the district court in D.C. and therefore to this court. And in your hypothetical, again, you would ultimately get to a motion for reconsideration because this court had reversed the district court. But the point would be that the subsequent action cannot interfere with it, and particularly because it's not an independent action. It's solely derivative. It was not a notice. It doesn't purport to be a judgment of anything other than a rubber stamping of what the court did below here, which is what we're arguing. Your argument is that the district court in this case ordered the vacation of the case in California. That's what the district court said, ordered that that default judgment would be vacated. The district court in California then said accordingly vacated. So it's as a direct consequence, causation, of what Judge Bates did in this case. And if we reverse what Judge Bates did in this case, yes, it's possible that the district court in California will do something different. But it is likely that because it did it in the first place on account of what our district court did, that it will reverse itself and give you back your judgment, correct? That's my understanding. And that's why it's not moved. Correct. It satisfies all requirements of Article III. Yes, and again, I think it would be a Kafkaesque result if that were not the case because effectively it would mean that a court here, by purporting to act in connection with a colleague court in another district, as to which it does not have authority, is not a supervisory court, could prevent you from appealing a final judge of the court here. That would be an absurdity, Your Honor. I respectfully submit that that's not what the law provides. If I may just briefly finish up with the point about the res judicata. Again, none of the criteria, whether under Montana or Smalls, this Court's decision in 471F186 for res judicata are satisfied, and indeed partly out of prudential concern about that possibility, was why we went to the Ninth Circuit and obtained the stay there. And clearly that court understood the situation and is stated in view of this Court's responsibility to determine this matter. Coming back to the merits, if you will, the point here is that Judge Bates did the opposite of what he indicated that he should do under the law, and that's, again, part of the oddity of what here. If you, Your Honors, look at pages 93 of the record, the Court said, quote, that is not futile from my perspective. That allows me to have factual support for the decision I'm going to render, end quote. And that is the point here, is that despite having clearly laid out at 92 and 93 during the hearing the parameters of his decision, he then went and violated the law and did exactly the opposite of what he'd set as his roadmap and issued a decision without any factual support for a finding. Your Honor, the question about whether it's arguably within the jurisdiction, is that what you're arguing now? Correct, Your Honor. Whether you look under Rule 60 or before, or whether you look under Espinoza, the only basis for a collateral attack, is allowed notwithstanding the Supreme Court judgment in the 1880s, and particularly a collateral attack is allowed in circumstances this, of being so far removed from the underlying dispute. But putting that issue aside, the point is that you need to have an actually void judgment. That is, you need to have a fact or a legal posture in which the underlying court had no jurisdiction, and there is 0.0 facts to support such a conclusion of law. And that's the essential error that Judge Bates made here. All right, we're three minutes over. Let me ask if anybody on the bench has questions. Thank you. May it please the Court. This case should never have been brought in the federal system. At this point, it's clear to everybody that there was no diversity between these parties. Are you a party to this litigation? Your Honor, we're not. And you asked the question earlier, what are we doing here? Trust me, I woke up this morning and asked myself the same question. It's an odd posture to be in, because my client was someone that's affected by this judgment that has been registered in the District of D.C., and then they went to enforce it. And it wasn't until there was an enforcement going on, that anyone ever contested what had happened in the original court. What's the enforcement against you at this point? The enforcement affected my client. It was directly against the individuals, but they were trying to get documents. I understand, but what legal process was issued to you? Your Honor, there was no legal process issued to me. So why are you here? Because we – well, actually, there are a lot of people in the audience who might be interested in this case and would like to come up and argue about it, but we don't normally allow that. Why are you here? I guess I drew the black bean. Oh, well, it must be interesting. Yeah, I drew the black bean to be arguing, again, because the concern was that the enforcement of this judgment was going to require the production of documents that my client considers to be confidential and proprietary. Is there a subpoena for the document? There was a subpoena that Jacks was arguing reached the document, yes, and it was a subpoena that was issued to the individual. The individual had possession of that as a result of his work that he had done at Agassiz. And is the individual resisting the subpoena? Yes. Normally what would happen is the individual would come in and say, quash the subpoena. Was there a – I'm not saying there wasn't. Was there a motion to quash? There was a motion to compel that had been filed. Yes, I understand. That's how he – I don't understand why he's here. The question is why are you here? I don't remember if there was a motion to compel to be completely candid, Your Honor. If there was – sorry, there was definitely the motion to quash. I'm here because we wanted to protect my client's information, and it wasn't until that point that anyone ever looked at any of these jurisdiction issues. And you moved to dismiss the judgment as without jurisdiction? We did not move, Your Honor. What we did was, you know, pursuant to the court's obligation to look at jurisdiction at every stage of the case, we simply notified the court that we believed that there was an issue there. From that point – Are you an amicus? I'm still having a little difficulty figuring out how you're here. Well, I don't fit into an easy bubble there, Judge. Why are you – is there a lawyer for somebody who is here? There is, yes. And has he given you his argument? Is that the idea? Are you making the argument on his behalf? Essentially, yes, Your Honor. So you are in his shoes for purposes of this case? I think that's a fair statement. So you're representing Mr. Cunningham? I'm not representing Mr. Cunningham, but I was tasked with arguing today. Is he representing ACASEC? I'm not representing ACASEC either, Your Honor. So if you make representations or arguments to us, you're making them on behalf of Fortress? On behalf of Fortress. Nobody else? Yes, Your Honor. I'm going with his description of the case at the very beginning. It is very odd. So how did 60B come into this? Because 60B is a motion that's brought by a party to a judgment, and if the only person here that's a party to the judgment is the one who doesn't want 60B, then I don't know how we ended up in 60B land to begin with. Yeah, and Your Honor, it's a great question. And I think that we have a little bit of a round peg in a square hole of 60B. It doesn't fit entirely, but that's what Judge Bates interpreted it as being most analogous to. I guess if there's problems and you deny enforcement of subpoenas or you dismiss actions and don't do the discovery or the enforcement of the judgment, there's an awful lot of things one does before one gets to vacating the judgment of another court. Your Honor, I agree. There were lots of interim steps that could have been taken. This was the step that Judge Bates chose to do. As best I can tell, you guys just did a notice of lack of subject matter jurisdiction. That's correct, Your Honor. Did you do a briefing on the issue? We did. And the brief was as an interested party? Yes. Do you have possession of this document? I thought the document was in the possession of Mr. Cunningham. It is in the possession of Mr. Cunningham, but it was our position that it shouldn't have been. It was a document that was actually in Akisfak. It was a contract between the parent company of Akisfak, the Medici entity, and my client, Fortress, that should never have been in his possession. Well, that's a fight between you guys. Sorry? That's a fight between you guys, but that's got nothing to do with this litigation. It is, yes. Okay. So I'm here. We appreciate your candor. You have four minutes and 42 seconds to say whatever else you want to say. Well, certainly. So I'll try and address some of the direct questions that you have raised with us. Judge Serena Boston, you went directly to mootness and talked about the issue of mootness. When you raised that issue first, I started looking at some of these cases on mootness and case and controversy. Is there a lot of controversy? And originally I thought, you know, yeah, this may be moot. But then I remembered that what we're dealing with is a judgment that has been registered under 28 U.S.C. 1963 and started looking at some of those cases. And the case law that's developed under 1963 seems to suggest that even when an original judgment becomes unenforceable, the clone judgment, the registered judgment, still has a life of its own. So usually that comes up in circumstances where you're dealing with things like limitations that prevents you from being able to enforce the original judgment, but you might be able to enforce the registered judgment. When I started reading those cases, Judge, I came across the In re Paco case, which was a decision from this court, Judge, at the time, Ginsburg, who started, who was talking about some of the issues relating to 1963 and actually cited Section 16 of the Restatement Second of Judgments that talks about what happens when you have a dependent judgment and the original judgment is vacated or nullified for some reason. And what that section says is that it's not automatically, the dependent judgment isn't automatically nullified as well, but it probably should be. Which case are you citing? The In re Paco. And is that in your brief? It is not. This is one that I found based on the... Okay, it's very nice that you're here to talk to us, but you can't talk about cases that you haven't cited and given the other side a chance to read or given the court a chance to read. So if you have got some other case that you have cited, it's going to support your proposition, we'll hear that. Certainly, Your Honor. It was a question that Your Honor had raised and I was trying to address it. I thought you were responding to the court's order to look at... I was. Yeah. But that's fine. Really, it's the restatement that you look at, and the cases cited in the restatement, particularly in the reporter's note to comment C of the restatement, cites a couple of Supreme Court cases that also deal with these issues. And essentially, it's the Butler v. Eaton case at 141 U.S. 240 at 244, 1891, that in essence says that if you end up in a situation like this where you have the parties in front of you, you can do what's right to take care of the case. So the clone case is not dead. It's on life support. It's not moot. You can address the issues. To address the court's other issue about the Des Moines Navigation case, the Des Moines Navigation case is a classic collateral attack case where you have judgment in case A, case B, and they're trying to use it to preclude an issue in case B. What Des Moines says is you can't do that if it's been a contested case. No, but if you read footnote 7 within the context of the practical concepts decision, that was a decision about when 60B can be used to vacate a judgment on the basis of an alleged error as to subject matter jurisdiction. And what footnote 7 said was everything we just said in the context of a foreign sovereign immunity case or subject matter jurisdiction, it's a different game altogether when diversity jurisdiction is at stake. And as for that, there's ancient and revered precedent that says as to that, the judgment isn't null, an old-fashioned form of void for purposes of 60B. Yes, and when you look at that, it says that that was a contested case. When you have a contested case. What was a contested case? Des Moines was a contested case. Not the Hanius case that started it. What the footnotes started with is a First Circuit case in Hanius that was a default judgment. Yes, they say they raised this case Hanius. That was a default judgment involving diversity. And as to that, and then that's how they got to Des Moines. And Hanius itself cites even more old Supreme Court cases. They say since its earliest days of the Supreme Court, they've said that it's a diversity jurisdiction. Because diversity doesn't, you don't have a right. Diversity jurisdiction is not a right to avoid court-to-court processes. It's just a question of which court you're in, state or federal. That's what the footnote says. And, Your Honor, perhaps they misread the footnote 7, but I thought it said that the lawyer Donovan was contending that despite his full awareness of and recorded appearance in his brother-in-law's suit, he could sit out and then, in the event of an adverse federal judgment, scream the plea that he should have been sent to look at court. All he did was enter an appearance, which doesn't mean he litigated anything. So the footnote says a default judgment was entered in Hanius. And Hanius itself says that if you read it. Right, but a different, again, there was at least an appearance. Why would that be relevant? All that means is he got service of process. Well, Your Honor, I would suggest that it would be relevant because he had service of process and the opportunity to appear. But service of process wasn't disputed in California. No one suggested that there was a failure of process or an absence of personal jurisdiction or anything like that. But, importantly, Judge, there was no appearance. No one ever showed up to even raise this issue. Why does that matter? Why does that matter? It's nothing. The footnote gives no reasoning on that. It doesn't, but if you look back a little bit earlier in the practical concepts decision, Judge Ginsburg cites to Section 65 of the Restatement Second of Judgments. And that's the section that deals with default judgments and whether or not a default judgment will be preclusive. And, in fact, that section says that it's not. Different from Section 12. That's not what the question is. Different from Section 12 of the Restatement Second of Judgments that deals with contested matters. And, you know, actually, if you look at the way that Judge Ginsburg has dealt with this issue since she's been on the Supreme Court, she's actually equated Des Moines and Section 12. Cited them in a different place. Well, Des Moines wasn't a default judgment case. That seems clear. I guess the question becomes whether, as a consequence of footnote 7 in practical concepts, what could otherwise potentially be a distinction between default judgments and contested judgments ceases to be because footnote 7 treats with a default judgment. Yes. And, again, I think the distinction there, Your Honor, is that both in Des Moines and in the Honius case, there was at least a conscious appearance and a decision not to do anything more. There was never any appearance. No one ever even saw this case, raised any issue, until it was being enforced. Was Des Moines a default judgment case? Des Moines was not a default judgment case. The original one was not. It was a true collateral attack. But Honius was a default judgment case, but for the potential wrinkle that you identified, which is that somebody made an appearance. Yes, Your Honor. An argument about somebody making an appearance is a statement in quite a number of cases that a person can decide to take his chances, to let it if he thinks there's no jurisdiction, and then he takes the risk that he'll be stuck later if he doesn't challenge it in another location. That's what it says in Section 65 of the Restatement. When the person knew about the action, but perceived that the court lacked territorial or subject matter jurisdiction, he's given a right to ignore the proceeding at his own risk, but to suffer no detriment if his assessment proves correct. The right to challenge jurisdiction makes him an instrument for confining judicial authority to his prescribed facts limits. The fact that a challenge may be asserted after judgment gives it additional weight and effect. In any case, no public service is protected by protecting the judgment. That's Section 65. And Section 12, which is cited in the cases, says when a court has rendered a judgment in a contested action, the judgment precludes litigation, but then says concerning relief from a default judgment on the ground of lack of subject matter jurisdiction, see Section 65. So that's how you say it works, and that's why the fact that the person entered an appearance could make a difference. If he hadn't entered an appearance, that would be a different matter. He would be taking the risk. Once you enter an appearance, you're stuck with the result. Yes, Your Honor. And no one entered an appearance here. Otherwise, there's a distinction between default judgments and contested judgments is the way you perceive it. Yes, Your Honor. I notice I'm five minutes over now. Further questions? No. Thank you. Thank you. Can I just ask all those questions I asked about why he's here, were any of those raised by you below or in the papers? Your Honor, frankly not, because the frank answer is after that notice, we expected a motion for intervention, which in my experience is what a non-party does if they're interested, as you said, in being heard in a court. Much to our surprise, we got back some document, and I'm not remembering it exactly now from the court, indicating that this was all going to be heard. We thought that was some kind of either sub-votee right of intervention, but in any event, we did not feel that it made sense to do it. And again, very frankly, Your Honor, the background of this is that this party fortress has caused an enormous amount of expense for no purpose that we can identify or no constructive purpose, because as the court said on page 92 of the transcript, and as Mr. Hine recognized, it is a pregnancy issue. There either is diversity or there's not. The only party in this courtroom or elsewhere that has an answer to that question, or at least should have an answer, is sitting right here, the non-party. And the fact of the matter is that we thought that they would come in one way or the other and either say we didn't have a basis, as I'd asked them a number of times to say one way or another, to show that there is diversity, or that there's not. And instead, we got this sequential participation without ever giving any factoid that would indicate that there's not diversity. I thought there was a declaration indicating that is completely true. It was a declaration. You need to put that, Your Honor, I respectfully submit in quotes. It was from somebody without any knowledge, not speaking to the time that's relevant in question, not giving any indication of anything that would be of evidentiary significance. There's not a name given. There's not a history or any factoid that would be associated with an evidentiary submission, such as you would have on a diversity jurisdiction evidentiary hearing, that would be pertinent to the issue. And so I respectfully submit that that declaration was exactly the opposite of what the judge had sought there, of a tell us your knowledge, and instead we got a non-declaration rather than a declaration. And as the judge pointed out in his opinion in saying that he had no idea about whether there was diversity jurisdiction, that the result of that was that the judge was left in exactly the posture he'd been in before the declaration, that he had no new factual information that bore on the issue of jurisdiction. Who first raised 60B as a procedural mechanism here? Did one of the parties invoke it, or did the district court do it on its own? Again, Your Honor, the sequence of events was, as counsel recited, this notice of objection. Then there was the motion practice that ensued with respect to that notice of objection. The judge scheduled the hearing. Motion for what? What was the motion for? Our motion was to compel. And the judge carved out this proceeding within the motion to compel to deal with this notice of objection that Fortress had filed. So nobody filed a Rule 60B motion? That's correct, Your Honor. And again, there would be absolutely no basis for it because there's nobody that I'm aware of within Rule 11 strictures who could say that the judgment was void, which is what you need to say under 60B-4, to have a declaration indicating that, and that's never happened here, Your Honor. If there are no more questions, Your Honor, I'll rest with that. Thank you. We'll take the case under submission.
judges: Garland, Srinivasan, Millett